IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

Michelle Williams,

      Plaintiff,

v.

City of Mt. Pleasant, Tennessee

      Defendant.

Case No.

JURY DEMAND

## COMPLAINT

Plaintiff Michelle Williams was employed by Mt. Pleasant city government as the city manager. During Ms. Williams' employment, she has experienced ongoing gender bias by the City, particularly, by city commissioner, now Mayor, Bob Shackelford. As city manager, Ms. Williams was paid at least $5,000.00 less than other city managers who were male. Additionally, during her tenure, Ms. Williams objected to the harassing behavior of Mr. Shackelford directed not only towards her, but to other women and employees in city government who complained to her about Shackelford. Ms. Williams raised these issues with Shackelford, other commissioners and finally filed a charge of discrimination with the EEOC. As a result of her objections regarding discrimination and violation of the City Municipal Code by Shackelford, on July 21, 2015, three male commissioners voted to terminate her employment.

## PARTIES

1. Plaintiff, Michelle Williams, is a citizen and resident of Mt. Pleasant, Maury City, Tennessee, and a former employee of Defendant.

2. Defendant Mt. Pleasant is a Tennessee governmental entity organized and

1

existing under the laws of the State of Tennessee.

## JURISDICTION AND VENUE

3. This is an action for unlawful employment practices brought under the Tennessee Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601 *et seq.* ("PEPFA") (Count I); the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA") (Count II); the Equal Pay Act ("EPA") 29 U.S.C. § 206(d) (Count III); and discrimination and harassment on the basis of sex and retaliation for making complaints of sex discrimination in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA") (Count IV).[1]

4. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

5. Plaintiff worked as City Manager for the city of Mt. Pleasant from January 1, 2012, until July 21, 2015.

6. Plaintiff was qualified for her job with the City and performed her job duties in a competent and satisfactory manner.

7. Plaintiff was repeatedly criticized and disparaged by certain members of the City Commission. Upon information and belief, such behavior was motivated by her sex.

8. City Commissions are elected officials.

9. Subsequently, after Plaintiff raised issues of public concern, the intensity of the scrutiny and public disparagement of her job performance was increased significantly by decision makers over her job, the City Commission.

---

[1] Plaintiff currently has claims pending with the EEOC. After she has administratively exhausted those claims, she intends to add claims for sex based discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as well.

2

10. During her employment, Plaintiff engaged in legally protected activity by speaking or engaging in speech activity on matters of public concern and by opposing and refusing to remain silent about activity that she believed violated the law or the City charter that was being committed by commissioners of the Mt. Pleasant Government. For example, after being elected Mayor, Shackelford would regularly exceed the authority given to the Mayor pursuant to the City's Municipal Code by entering the workplace of City government and instructing employees about their job duties.

11. Plaintiff specifically requested that during public meetings that Shackelford refrain from calling her names. Shackelford has been known to refer to and call Plaintiff names such as the "queen," among others, and made frequent comments to reflect his views that women belong in the home and not the workplace, unless they were teachers or nurses.

12. Plaintiff's experience and observation was that Shackelford did not treat male employees in the same derogatory manner he did female employees.

13. Shackelford ran for his most recent term as commissioner on the promise to terminate Ms. Williams. After the election in November and his nomination to Mayor, his abuse towards Ms. Williams intensified. Subsequently, on November 18, 2014, the commission voted for Plaintiff's termination and the voted to rehire her for three months.

14. On February 6, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex and retaliation.

15. Plaintiff spoke out about, opposed and refused to remain silent about violations of the law or the City Municipal Code and engaged in protected activity by speaking to City officials, commissioners, citizens and members of the public about matters of public concern and

3

conduct that she reasonably believed to be illegal and in violation of the City Municipal Code, laws, regulations, rules, ordinances, and/or codes.

16. Defendant terminated her employment with the City on July 21, 2015.

17. The majority members of the five member City Commission controlled the terms and conditions of Plaintiff's employment, had authority to discharge her, and made the decision to discharge her. Plaintiff was terminated by a 3-2 vote. Shackelford, who she had made specific complaints against, was one of the members who voted for her termination.

18. The City commissioners who had the authority to terminate Plaintiff knew that she was engaging in protected activity as described above at the time that they decided to terminate her employment.

19. Mt. Pleasant did nothing to protect Plaintiff from the retaliatory attacks and complaints directed at Plaintiff.

20. One of the commissioners that voted for her termination, Davis, admitted that her termination was motivated by retaliation because the City could no longer move forward with her because she filed a complaint against Shackelford.

21. Plaintiff was replaced by a male interim manager who had no prior experience in city management.

**Count I- Violation of PEPFA**

22. Plaintiff restates and incorporates herein the foregoing paragraphs.

23. Plaintiff's exercise of her right to communicate with elected and other public officials was a substantial or motivating factor in his discharge.

24. Defendant terminated Plaintiff's employment in violation of the PEPFA.

25. Defendant's conduct was intentional, reckless, malicious, and/or fraudulent.

4

26. Defendant's conduct harmed and caused damage to Plaintiff.

## Count II-Violation of TPPA

27. Plaintiff restates and incorporates herein the foregoing paragraphs.

28. Alternatively, Defendant Mt. Pleasant terminated Plaintiff's employment solely because she exercised her constitutional and statutory rights and refused to participate in or remain silent about conduct that violated, or that she reasonably believed violated the City charter, laws, regulations, or rules intended to protect the employees of the City.

29. Defendant terminated Plaintiff's employment in violation of the TPPA.

30. Defendant's conduct was intentional, reckless, and/or malicious.

31. Defendant's conduct harmed and caused damage to Plaintiff.

## Count III- Violation of Equal Pay Act

32. Plaintiff incorporates herein the allegations in the foregoing paragraphs.

33. Plaintiff was subjected unequal pay to similarly situated males in Defendant's workplace because of her sex, female.

34. Plaintiff was subjected to incidents of the sex based pay differentials to Defendant. Defendant failed to remedy and/or prevent pay differentials based on sex in the workplace.

35. Defendant paid Plaintiff different wages than male employees for equal work that required equal skill, effort, and responsibility, and which were performed under similar working conditions.

36. As a result of the violations by Defendant, Plaintiff has suffered damages by failing to receive equal pay for equal work as mandated by the EPA. Plaintiff is also entitled to

an additional amount as liquidated damages pursuant to the EPA and/or prejudgment interest, attorneys' fees and costs.

### COUNT IV- Violation of THRA
### (Discrimination/Harassment/Retaliation)

37. Plaintiff incorporates herein the allegations in the foregoing paragraphs.

38. Plaintiff was subjected to disparate treatment in the terms and conditions of her job the Defendant's workplace because of her sex, female.

39. Plaintiff was qualified for her position.

40. Plaintiff complained about discrimination she and other women experienced in the workplace.

41. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex, including, but not limited to less pay and benefits, disparagement and, as a result of objecting to discrimination in the workplace, she was retaliated against and was terminated from her job.

42. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

### RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety,

6

inconvenience, and loss of enjoyment of life;

    5.    Punitive damages;

    6.    Treble damages under the PEPFA;

    7.    Attorneys' fees and expenses;

    8.    Prejudgment interest and, if applicable, post-judgment interest; and

    9.    Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

Collins & Hunter, PLLC

/s Heather Moore Collins
Heather Moore Collins
BPR # 026099
Anne Hunter
BPR # 022407
1612 Westgate Cir., Suite 218
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*

7

Case 1:15-cv-00077   Document 1   Filed 08/27/15   Page 7 of 7 PageID #: 7